**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BUDIANTO KUSNO, | No. 10-72475 |
| Petitioner, | Agency No. A089-671-909 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Budianto Kusno, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny petition for review.

The record does not compel reversal of the BIA's finding that Kusno's experiences in Indonesia, including the bike robbery, the pickpocketing incident on a bus, and his family's encounter with rioters during the May 1998 riots, even considered cumulatively, do not constitute past persecution. *See id.* at 1059-60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats and one incident of physical violence did not compel a finding of past persecution). Further, substantial evidence supports the BIA's finding that Kusno failed to demonstrate sufficient individualized risk of harm under a disfavored group analysis to establish a well-founded fear of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show individual risk of harm where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"). Accordingly, Kusno's asylum claim fails.

Because Kusno failed to establish his eligibility for asylum, he necessarily fails to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's finding that Kusno failed to

show it is more likely than not he will be tortured if he returns to Indonesia. *See*

*Wakkary*, 558 F.3d at 1067-68. Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED.**

10-72475